# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 14-117-BLG-SPW |
| Plaintiff, | |
| vs. | |
| LA MONETA CAMBIO SA, GERMAN COPPOLA, PABLO COPPOLA, and FRANCISCO PAGANO, | |
| Defendants, | |
| _____/ | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GERMAN COPPOLA'S UNOPPOSED MOTION TO DECLARE CASE COMPLEX

Defendant, German Coppola ("Coppola"), by and through undersigned counsel and pursuant to Local Rule of Criminal Procedure CR 47.2(a), hereby files this Memorandum of Law in Support his Unopposed Motion to Declare Case Complex and Continue and in support thereof states:

## BACKGROUND

Coppola, along with other defendants, are charged in a nine count Indictment. Coppola is charged in three of the Indictment's nine counts. The Indictment charges that Coppola willfully operated all and/or part of a money transmitting business that was not appropriately licensed in the state of California in violation of 18 U.S.C. § 1960, that Coppola engaged in a financial transaction in criminally derived property

in violation of 18 U.S.C. §1957, and that Coppola failed to file a Currency or Monetary Instrument Transaction Report in violation of 31 U.S.C. §§ 5136; 5324(c). Additionally, the Government has made two forfeiture allegations pursuant to 18 U.S.C. §982(b).

On February 29, 2016, Coppola made his initial appearance before this Court and this Court granted his pre-trial release upon the conditions set forth in the Order Setting Conditions of Release entered February 29, 2016. On March 1, 2016, this Court entered a Scheduling Order setting the pre-trial deadlines and setting the trial date for May 2, 2016.

## ARGUMENT

A trial court may exclude any period resulting from a continuance beyond the limits of the Speedy Trial Act on a finding that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In granting a continuance under §3161(h)(7)(A), the court must consider the factors in §3161(h)(7)(B). *United States v. Perez-Reveles*, 715 F. 2d 1348, 1350-51 (9th Cir. 1983)("the Act enumerates four factors that must be considered by the district court before a continuance can be granted").

Pursuant to §3161(h)(7)(B), one of the factors the court must consider when determining whether to exclude periods of delay from the Speedy Trial Act is the complexity of the case. 18 U.S.C. §3161(h)(7)(B)(ii). A case may be deemed

unusual or complex if "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the limits of the Speedy Trial Act "due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law." *Id.*

In granting an "ends of justice" continuance under §3161(h)(7) the continuance must be "'specifically limited in time'" and be "'justified on the record with reference to the facts as of the time the delay is ordered.'" *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010)(*quoting United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)).

In this case, Coppola has been named in three Counts of the Indictment, all of which involve issues relating to his alleged operation of unlicensed money transmitting businesses. This case involves complex and discrete issues of federal and California state law governing the operation and licensure of money transmitting businesses, allegations of wrongful conduct occurring in another state, multiple defendants, witnesses who are located abroad, and an investigation that commenced more than 5 years ago. All of these factors weigh heavily in favor of a determination that this case is complex and therefore requires additional time to provide Coppola adequate preparation for pretrial proceedings and for the trial itself.

## **CONCLUSION**

For the reasons set forth above, German Coppola respectfully requests that the

Court amend its March 1, 2016 Scheduling Order and adopt the proposed dates set forth in Coppola's Unopposed Motion.

DATED: March 4, 2016

        Respectfully submitted,

        By: */s/ Ashley Harada*
        Ashley Harada, Esquire
        *Attorney for Defendant German Coppola*
        Montana Bar No.: 7148
        ashley@haradalawfirm.com
        HARADA LAW FIRM, PLLC
        GW Building
        2722 3rd Avenue North
        Suite 400
        Billings, MT 59101
        (406) 294-2424 Telephone
        (406) 272-0037 Facsimile


        FUERST ITTLEMAN DAVID & JOSEPH, PL
        *Attorneys for Defendant German Coppola*
        1001 Brickell Bay Drive
        32nd Floor
        Miami, Florida 33131
        Telephone: (305) 350-5690
        Facsimile: (305) 371-8989


        By: */s/ Andrew S. Ittleman*
        Andrew S. Ittleman, *appearing Pro-Hac Vice*
        Fla. Bar No. 802441

**CERTIFICATE OF COMPLIANCE**

This brief complies with the 6,500 word limitation of Local Rule 47.2(c) because this brief contains 604 words, excluding the caption and certificate of service which is exempted by the Rule.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 4, 2016, I caused the foregoing to be filed with the Clerk of Court using the ECF system which sent notification of such filing to the following:

> Zeno B. Baucus, Assistant U.S. Attorney
> Zeno.Baucus@usdoj.gov
> Chad C. Spraker, Assistant U.S. Attorney
> Chad.Spraker@usdoj.gov
> **U.S. Attorney's Office**
> 2601 Second Avenue North
> Box 3200
> Billings, MT 59101