ZENO B. BAUCUS
CHAD C. SPRAKER
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 Second Avenue North
Unit 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: zeno.baucus@usdoj.gov
      chad.spraker@usdoj.gov

**ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LA MONETA CAMBIO SA, GERMAN COPPOLA, PABLO COPPOLA, and FRANCISCO PAGANO,<br><br>Defendants. | CR 14-117-BLG-SPW<br><br>**UNITED STATES' RESPONSE TO COURT'S APRIL 5, 2016, ORDER** |

The United States of America, by and through Assistant United States

Attorneys Zeno B. Baucus and Chad C. Spraker, hereby responds to this Court's

1

April 5, 2016, Order granting in part and denying in part Defendant German Coppola's Motion for a Bill of Particulars.  Doc. No. 67.  As Ordered, the United States provides the following particulars with respect to the charged conduct.

**(i)   Identify the location where the government contends that German Coppola was required to file and failed to file the license application(s) for a money transmitting business**

The United States responds that Defendant Coppola operated his businesses, including those identified in the Indictment, primarily from his home in California. By law, this requires under FinCEN that he be licensed in California as part of his FinCEN filing.  Coppola did not list California on his FinCEN filing for Velox or Amerifast and was not licensed as a money transmitter in California.

Moreover, Coppola turned over access and control of deposits and transfers via remote deposit and remote bank account access to Defendant La Moneta.  Many deposits and transfers were initiated by La Moneta in Argentina.  The business was being operated from Argentina.  This is not indicated on Coppola's FinCEN filings.

///

///

///

### (ii) Identify where the transaction in Count II occurred

The United States does not know the physical location of Coppola when he wrote the check as reflected in Count II. The transaction reflected in Count II concerns a check from Coppola's personal Wells Fargo Bank account to co-defendant Pablo Coppola for $971,760.00, concerning currency implicated in the specified unlawful activity, as charged in Count I. Prior to writing this check, Stockman Bank of Billings, Montana closed German Coppola's account and German Coppola instructed Stockman to wire the proceeds reflected in Count II to his personal Wells Fargo account. Note that pursuant to 18 U.S.C. § 1956(i), venue is proper in "any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction occurred."

### (iii) Identify the location where the government contends German Coppola was required to file and failed to file a FinCEN Form 105

Coppola was required to file a FinCEN Form 105 in California due to his operation of Trade Wings, as alleged in the Indictment. The United States notes, however, that even though Coppola did file Form 105s on behalf of other entities

alleged in the Indictment, namely Velox and Amerifast, he still failed to comply with the reporting requirements associated with the corresponding Form 105s.

Finally, the United States "may amend a bill of particulars subject to such conditions as justice requires." Fed. R. Crim. P. 7(f); *United States v. Shavin*, 287 F.2d 647 (7th Cir. 1961) (permitting amendment of bill of particulars more than 50 days prior to second trial was not abuse of discretion). Should the United States seek to amend this bill, it shall move before the Court.

DATED this 15th day of April, 2016.

          MICHAEL W. COTTER
          United States Attorney

          */s/ Zeno B. Baucus*
          Assistant U.S. Attorney
          Attorney for United States

# **CERTIFICATE OF COMPLIANCE**

Pursuant to D. Mont. LR 7.1(d)(2) and CR 12.1(e), the attached Response to the Court's April 5, 2016, Order Regarding Defendant Coppola's Motion for a Bill of Particulars, is proportionately spaced, has a typeface of 14 points or more, and the body contains 508 words.

>                           */s/ Zeno B. Baucus*
>                           Assistant U.S. Attorney
>                           Attorney for United States