

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GERMAN COPPOLA Defendant. | CR 14-117-BLG-SPW-02 ORDER |

This matter comes before the Court on Defendant German Coppola's motion to strike surplusage from the Indictment. (Doc. 92). Under Federal Rule of Criminal Procedure 7(d), Coppola seeks to strike paragraphs one through five of the Indictment, and particular "catch-all" phrases in the Indictment, specifically: "other states" from Paragraph 11, "and others known and unknown to the Grand Jury" from Paragraph 20, "and elsewhere" and "and other companies known and unknown to the Grand Jury" from Paragraph 27, and "and elsewhere" from Paragraph 28. (*Id.*)

After considering the briefing and finding oral argument unnecessary, the Court DENIES Coppola's motion.

1

I.  **Discussion**

The purpose of a motion to strike under Fed.R.Crim.P. 7(d) is to protect the defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir. 1983); see also Fed. R. Crim. P. 7 advisory committee's note. Therefore, language in an indictment that is relevant to the charges is not surplusage, and a court need not balance relevance against prejudice in deciding a motion to strike. *See United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010) ("Even if the use of the word "unlawful" could be considered prejudicial, we hold that the district court nevertheless did not abuse its discretion because the allegation was relevant."); *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) ("For language to be struck from an indictment, it must be irrelevant, inflammatory, and prejudicial.").

In other words, allegations are not surplusage if they detail facts that the government intends to prove. *See Laurienti*, 611 F.3d 530, 546-547 (9th Cir. 2010). Further, "[l]anguage in an indictment need not be essential to the charges, but can be generally relevant to the overall scheme charged." *United States v. Johnson*, 262 F.R.D. 410, 414 (D. Del. 2009). The decision to strike surplusage is subject to the district court's discretion. *United States v. Laurienti*, 611 F.3d 530, 546 (9th Cir. 2010).

Coppola argues that the above-referenced content is surplusage because it is both extraneous to the charges in the Indictment and prejudicial. The government argues that the content is relevant to the charged offenses and should not be stricken.

Paragraphs one through five are relevant. While they may not be essential to the Indictment's specific charges, they are generally relevant for providing Coppola's motive and providing context for conducting the transactions at issue. *See United States v. Mostafa*, 965 F. Supp. 2d 451, 466 (S.D.N.Y. 2013) (holding that statements providing background are relevant and need not be struck) (citing *United States v. Mulder*, 273 F.3d 91, 99 (2d Cir. 2001)).

The Court finds the "catch-all" language is neither prejudicial nor irrelevant. Considering the context in which each phrase is found within the Indictment, each phrase's relevance is obvious and nothing about the phrases are inflammatory. *See Mostafa,* 965 F.Supp.2d at 466 ("As to broadening phrases [in the Indictment], surplusage may be struck if it impermissibly expands the charge[d conduct].) The Court agrees that the "catch all" phrases capture the facts the Government intends to prove. (*See* Doc. 95 at 10). *See United States v. Kassir*, No. S2 04 CR. 356 (JFK), 2009 WL 995139, at *3 (S.D.N.Y. Apr. 9, 2009) (alleging the means and methods by which the defendant committed the charged offense did not impermissibly broaden the charge but instead went to the proof the Government

would offer to sustain it). For all these reasons, the content is not surplusage and shall not be stricken. *Laurienti*, 611 F.3d at 546-47.

## II. Conclusion

For the foregoing reasons, Coppola's motion to strike surplusage from the Indictment (Doc. 92) is DENIED.

DATED this 8th day of December 2016.

SUSAN P. WATTERS
United States District Judge

4