**Zeno B. Baucus**
**John D. Sullivan**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**2601 Second Avenue North**
**Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-mail:    zeno.baucus@usdoj.gov**
**            John.Sullivan2@usdoj.gov**

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 14-117-BLG-SPW** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **GERMAN COPPOLA,** | |
| **Defendant.** | |

     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Zeno B. Baucus and John D. Sullivan, Assistant United

States Attorneys for the District of Montana, and the defendant, German Coppola,

*GC        AJ        Zb        9/12/18*
GC      Def. Atty.    AUSA      Date

1

and his attorneys, Andrew S. Ittleman and Ashley Harada, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to the charge contained in the superseding information, that is, Failure to File a Tax Return, on behalf of corporation Trade Wings, Inc. in 2011, in violation of 26 U.S.C. § 7203. This misdemeanor offense carries a maximum punishment of one year imprisonment, a $100,000 fine, one year of supervised release, and a $25 special assessment. The parties reserve the right to argue for or against restitution at sentencing. If so ordered, restitution shall relate to the failure to file a tax return on behalf of Trade Wings, Inc. for 2011.

At the time of sentencing, the United States will move to dismiss the indictment against the defendant if the Court accepts this plea agreement.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by 11(c)(1)(A) and (C) of the *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided that the United States

| GC | AI | ibb | 9/12/18 |
|----|----|-----|---------|
| GC | Def. Atty. | AUSA | Date |

2

moves to dismiss, and the Court agrees to dismiss, the indictment against the defendant. The defendant and the United States agree that a specific disposition of probation is appropriate in this case. The defendant understands that, under Federal Rule of Criminal Procedure 11(d)(2)(A), if the plea agreement is accepted by the Court, the defendant will not have an automatic right to withdraw his plea. If the Court rejects the plea agreement, under Federal Rule of Criminal Procedure 11(c)(5), the defendant will be able to withdraw his guilty plea and the parties will proceed to trial.

*Agreement as to Cooperation*: The defendant agrees to cooperate in the on-going prosecution in CR 14-117-BLG-SPW. As part of his cooperation, the defendant agrees to an interview with the United States following his change of plea and a polygraph examination administered by the Unites States. Also as part of this cooperation, the defendant agrees to voluntarily return to the District of Montana after reasonable notice is provided by the United States. Failure to comply with an interview with the Unites States and failure to return after reasonable notice is provided constitutes a breach of this plea agreement and relieves the United States of obligations under this agreement, but the defendant may not withdraw any guilty plea.

*Agreement as to Forfeiture*: The defendant agrees not to contest the forfeiture by the United States of the property listed in paragraph 1(a) of the first

| GC | AT | uhh | 9/12/18 |
|----|----|-----|---------|
| GC | Def. Atty. | AUSA | Date |

3

forfeiture allegation of the indictment. By way of this agreement, the United States agrees to dismiss the remaining forfeiture allegation of the indictment against the defendant concerning real property located on Seabourne Drive, Huntington Beach, Orange County, California consisting of three parcels, and will dismiss the civil forfeiture action filed in the Billings Division of the U.S. District Court under Cause No. CV 12-151-SEH-CSO, with all claimants thereto agreeing to pay their own fees and costs.

4.    **Admission of Guilt:**  The defendant will plead guilty because defendant is in fact guilty of the charge contained in the superseding information. In pleading guilty, the defendant acknowledges that:

First, the defendant was a person required to file a return on behalf of a corporation, Trade Wings, Inc. for 2011;

Second, the defendant failed to file at the time required by law; and

Third, the failure to file was willful.

5.    **Waiver of Rights by Plea:**

(a)    The defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more

GC        AJ        Zbb        9/12/18
GC      Def. Atty.      AUSA        Date

members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(c)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)     The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(e)     The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(f)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless,

GC        AJ        ghL        9/12/18
GC     Def. Atty.   AUSA      Date

5

after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(i)      At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(j)      If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

| GC | AI | 7hb | 7/D/18 |
|----|----|-----|--------|
| GC | Def. Atty. | AUSA | Date |

6

(k)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*.  By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(l)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

(m)     The defendant would normally be entitled to have this charge tried in the Central District of the District of California.  By entering into this plea agreement, the defendant is specifically waiving venue with regard to this charge and agrees that the District of Montana have jurisdiction for purposes of this plea agreement and disposition.

(n)     The defendant understands that the count of conviction would normally be barred by the state of limitations.  By entering into this plea agreement, the defendant is specifically waiving any challenge with respect this charge and the argument that it is barred by the relevant statute of limitations.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph.  The

GC      AT      7bb      9/12/18
GC    Def. Atty.    AUSA    Date

7

defendant's attorney has explained these rights and the consequences of waiving these rights.

6.    **Recommendations:**  The parties agree that a sentence of probation is the appropriate disposition of this case.  The parties agree that the defendant be permitted to serve his probation outside the United States.

7.    **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.    **Appeal Waiver:**  The defendant acknowledges that 18 U.S.C. § 3742 affords the right to appeal the sentence imposed in this case.  In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal any aspect of the sentence, including conditions of probation or supervised release.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.  This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

9.    **Voluntary Plea:**  The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

GC       AT       Thb       5/12/18
GC    Def. Atty.    AUSA    Date

10.     **Disclosure of Financial Information:**  The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation.  The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office pre-sentencing, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

11.     **Detention/Release After Plea:**  The United States agrees that it will not move for detention but will defer to the discretion of the court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate.  18 U.S.C. § 3145(c).  The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release.  The defendant acknowledges that obligation and

GC      Def. Atty.      AUSA      Date

9

understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**12.** **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**13.** **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

**KURT G. ALME**
**United States Attorney**

_____
Zeno B. Baucus
Assistant U. S. Attorney

_____
German Coppola
Defendant

| GC | Def. Atty. | AUSA | Date |
|----|-----------|------|------|
| GC | AY | zhb | 9/12/17 |

_____

Andrew S. Ittleman
Defense Counsel


_____

Ashley Harada
Defense Counsel


_____  _____  _____  _____
 GC    Def. Atty.  AUSA    Date
                          9/12/18

11